UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Roger M. Haselton,                    :
            Plaintiff,                :
                                      :
        v.                            :        File No. 1:06-CV-39
                                      :
State of Vermont, Town of             :
Fletcher, Unnamed                     :
Trustees,                             :
            Defendants.               :

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 9, 11, 12, 15, 16 and 24)

        Plaintiff Roger Haselton, proceeding *pro se*, has

filed a complaint pursuant to 42 U.S.C. § 1983 in which

he seeks to enjoin the tax sale of his property in

Fletcher, Vermont.  Haselton claims that the defendants

have denied him due process and have failed to recognize

his fundamental right to travel.  The facts in support of

his claims include allegations that, due to the

suspension of his driver's license, he has been unable to

access his land and on one occasion had difficulty

attending a grievance meeting.[1]

        The State of Vermont and unnamed trustees

(collectively "the State") have moved to dismiss,

---

[1]  Haselton has unsuccessfully challenged his license suspension, arguing
a constitutional right to travel, in this Court in previous litigation.
See Haselton v. Amestoy, et al., 2003 WL 23273581, at *2-*3 (D. Vt. Nov.
4, 2003).

claiming that: (1) the tax sale did not involve the State; (2) the action is moot because the taxes were paid, the tax levy was discharged and the sale was never held; (3) Haselton's right to travel claim is barred by collateral estoppel; and (4) claims against the State are barred by the Eleventh Amendment.  The Town of Fletcher has filed a motion for summary judgment, arguing that the action is moot and that only the state superior court can review actions by the town's Board of Abatement.  For the reasons set forth below, I recommend that the defendants' motions be GRANTED, and this case be DISMISSED.

## Factual Background

According to the complaint, Haselton has been protesting the State's regulation of drivers' licenses for the last 15 years.  During that time, he has had his driver's license suspended, and has been criminally convicted for driving without a license.  In prior litigation, this Court considered, and rejected, Haselton's claim that his federal right to travel trumps the State's right to regulate its drivers.  See Haselton, 2003 WL 23273581, at *2-*3.

In the instant case, Haselton claims that

interference with his right to travel has resulted in a tax deficiency on his land in Fletcher, Vermont.  He accuses the Town of Fletcher of ignoring the fact that he cannot access his land.  He also claims that the Town did not take into consideration how difficult it would be for him to attend a grievance meeting.

With respect to the State, Haselton claims that the State has restricted his right to travel such that he cannot access either the land in Fletcher or his rented farm in New York.  In response to the State's motion to dismiss, Haselton further alleges that the State has, at least implicitly, allowed the Town's tax action to proceed by "agree[ing] with the Town that they could tax land and demand tax sale if taxes are not paid under state law."  (Paper 13-1 at 1).

There is no dispute that the tax sale, originally scheduled for March 9, 2006, did not take place because the taxes on the property were paid.  The Town has discharged the tax levy, and there is no longer a tax sale pending on Haselton's land.  Nonetheless, Haselton maintains that his constitutional rights have been violated.

<u>Discussion</u>

I.  <u>State's Motion to Dismiss</u>

     On a motion to dismiss, "a court has to consider the legal sufficiency of the claim as stated in the complaint and is not to weigh facts underlying the claim or the merits of the case." <u>Esden v. Bank of Boston</u>, 5 F. Supp. 2d 214, 216 (D. Vt. 1998) (citing <u>Goldman v. Belden</u>, 754 F.2d 1059, 1067 (2d Cir. 1985)).  "In ruling on such a motion, the court must look only to the allegations in the complaint and any documents attached to or incorporated by reference in the complaint." <u>Dangler v. New York City Off Track Betting Corp.</u>, 193 F.3d 130, 138 (2d Cir. 1999).  Morever, the court must assume all well-pleaded factual allegations to be true and draw reasonable inferences in the light most favorable to the plaintiff.  <u>See</u> <u>Shakur v. Selsky</u>, 391 F.3d 106, 112 (2d Cir. 2004); <u>Bernheim v. Litt</u>, 79 F.3d 318, 321 (2d Cir. 1996).  Dismissal is impermissible unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Flores v. S. Peru Copper Corp.</u>, 343 F.3d 140, 148 (2d Cir. 2003) (quoting <u>Conley v. Gibson</u>, 355 U.S.

41, 45-46 (1957)).

In its motion to dismiss, the State first argues that it had, and continues to have, no involvement in municipal tax sales.  In his prayer for relief, Haselton asks the Court to "stop tax sale by injunction!"  (Paper 4-1 at 3).  This is the only specific request for relief in the complaint.  Under Vermont law, tax sales for non-payment of property are conducted by towns, and do not involve the State.  See 32 V.S.A. § 5252.  Therefore, the State is entitled to the dismissal of any claim against it seeking an injunction on the proposed tax sale.

The State also argues that the injunction issue is moot, since the taxes have been paid and the proposed sale was never held.  A case is not moot if it is "capable of repetition, yet evading review." Olmstead v. Zimring, 527 U.S. 581, 594 n.6 (1999) (citation and internal quotations omitted).  Under this exception, an otherwise moot issue is justiciable when "(1) the challenged action was in its duration too short to be fully litigated prior to cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action

again." <u>Weinstein v. Bradford</u>, 423 U.S. 147, 149 (1975).

With respect to the first prong of this exception, Haselton has been arguing a constitutional right to travel for 15 years.  It is, therefore, plain that his challenge will not expire before it can be fully litigated.  Furthermore, Haselton cannot satisfy the second prong, as any claim of a future tax levy would be speculative.  <u>See</u> <u>Armstrong v. Ward</u>, 529 F.2d 1132, 1136 (2d Cir. 1976).  The State is, therefore, entitled to dismissal on grounds of mootness.

Furthermore, Haselton's claims against the State are barred by sovereign immunity.  The Eleventh Amendment provides that: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  The Supreme Court has consistently held that this amendment prohibits a private party from suing a state in federal court unless Congress unequivocally expresses its intent to abrogate that immunity or a state waives its immunity. <u>See</u> <u>Edelman v. Jordan</u>, 415 U.S. 651 (1974); <u>In</u>

6

re Charter Oak Assocs., 361 F.3d 760, 765 (2d Cir. 2004).

This jurisdictional bar applies "whether the relief

sought is legal or equitable," Papasan v. Allain, 478

U.S. 265, 276 (1986), and encompasses actions against the

state itself as well as actions against a state's

agencies, agents or instrumentalities.  Regents of the

Univ. of California v. Doe, 519 U.S. 425, 429 (1997).

The only exception is if the plaintiff seeks prospective

injunctive relief from a specific state officer.

Edelman, 415 U.S. at 677; Huang v. Johnson, 251 F.3d 65,

69-70 (2d Cir. 2001).[2]

In this case, it is clear that neither Vermont nor

Congress has waived the sovereign immunity that protects

the State from suit.  There is no indication in 42 U.S.C.

§ 1983 that Congress intended to abrogate state sovereign

immunity, and the Supreme Court has specifically held

that Congress did not intend to override well-established

immunities such as state sovereign immunity when it

enacted § 1983.  See Will v. Michigan Dep't of State

Police, 491 U.S. 58, 67 (1989).  It is equally clear that

_____

[2]  In some of his filings, Haselton names Vermont Attorney General William
Sorrell as a defendant.  Haselton does not make any specific allegations
against Sorrell personally, and it is clear under Vermont law that Sorrell
would play no role in a municipal tax sale.  Therefore, if Sorrell is a
defendant, any claim against him should be dismissed.

Vermont has not waived its sovereign immunity under §
1983.  See 12 V.S.A. § 5601(g) (Vermont Tort Claims Act
reserves Eleventh Amendment immunity for all claims not
explicitly waived).  Finally, states and state agencies
are not considered "persons" subject to liability under §
1983.  See Will, 491 U.S. at 70.  I therefore recommend
that Haselton's claims for relief against the State of
Vermont be DISMISSED.

II.  <u>Town's Motion for Summary Judgment</u>

     Also pending before the Court is the Town's motion
for summary judgment.  Summary judgment may not be
granted unless "the pleadings, depositions, answers to
interrogatories, and admissions on file, together with
the affidavits, if any, show that there is no genuine
issue as to any material fact and that the moving party
is entitled to a judgment as a matter of law."  Fed. R.
Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477
U.S. 317, 322 (1986); Gallo v. Prudential Residential
Servs. Ltd. P'ship, 22 F.3d 1219, 1223 (2d Cir. 1994).
Where the non-moving party will bear the burden of proof
at trial, the party moving for summary judgment may meet
its burden by showing that the admissible evidence would

be insufficient to carry the non-movant's burden of proof at trial.  Celotex, 477 U.S. at 322-23.

If the moving party meets its initial burden of showing a lack of a material issue of fact, the burden shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  The non-moving party must produce evidence in the record and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible." Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993); see also Scotto v. Almenas, 143 F.3d 105, 114-15 (2d Cir. 1998).  In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)).

The Town argues, as the State did, that Haselton's claim is moot.  The fact that the tax sale did not take place because the taxes on the property were paid is

9

undisputed.  Haselton paid his delinquent taxes for the year 2004 on March 1, 2006.  The proposed tax sale was cancelled, and on March 21, 2006 the Town discharged its levy against Haselton's lot.

In response to the motion for summary judgment, Haselton restates arguments relating to his alleged right to travel without state restriction.  (Papers 26 and 27). These arguments do not address the question of mootness. As set forth above, Haselton has no "reasonable expectation" that he will be subjected to a tax sale in the future, and his claim is not so fleeting as to avoid review.  Olmstead, 527 U.S. at 594 n.6;  Weinstein, 423 U.S. at 149.  The Court should, therefore, GRANT the Town's motion to dismiss.

III.  Right to Travel

Even if this action were not moot, Haselton cannot claim that the defendants have violated his fundamental right to travel.  This Court has previously rejected Haselton's claim to such a right, and to the extent that Haselton is basing his current claims on such an argument, should do so again.  As Judge Murtha stated in 2003:

The Supreme Court has recognized a constitutional right to travel.  See Attorney General of New York v. Soto-Lopez, 476 U.S. 898, 903 (1986).  However, the constitutional right to travel guarantees citizens of one state the right to enter and leave other states or to be treated as welcome visitors in other states, Chavez v. Ill. State Police, 251 F.3d 612, 648 (7th Cir. 2001), not the right to drive a car without a license, Miller v. Reed, 176 F.3d 1202, 1205-06 (9th Cir. 1999).  As the Ninth Circuit has noted, the Supreme Court, in Dixon v. Love, 431 U.S. 105, 112-16 (1977), held that "a state could summarily suspend or revoke the license of a motorist who had been repeatedly convicted of traffic offenses with due process . . . .  The Court conspicuously did not afford the possession of a driver's license the weight of a fundamental right."  Miller, 176 F.3d at 1206.  Indeed, the right of an individual to drive a vehicle is not a fundamental right; "it is a revocable privilege that is granted upon compliance with statutory licensing provisions."  State v. Skurdal, 767 P.2d 304, 307 (Mont. 1988) (collecting cases); see also Boutin v. Conway, 153 Vt. 558, 564 (1990); Mackey v. Montrym, 443 U.S. 1, 10 (1979) (state has "paramount interest" in preserving safety of public highways).

. . .

As stated by the Rhode Island Supreme Court:

> The plaintiff's argument that the right to operate a motor vehicle is fundamental because of its relation to the fundamental right of interstate travel is utterly frivolous.  The plaintiff is not being prevented from traveling interstate by public transportation, by common carrier, or in a motor vehicle driven by someone with a license to drive it.  What is

11

> at issue here is not his right to
> travel interstate, but his right to
> operate a motor vehicle on the public
> highways, and we have no hesitation in
> holding that this is not a fundamental
> right.

Berberian v. Petit, 374 A.2d 791 (R.I. 1977).

> Because Haselton's claims are mistakenly
> premised upon a non-existent fundamental right
> to drive a vehicle on public roads, his claims .
> . . have no merit.

Haselton, 2003 WL 23273581, at *2-*3.

The State argues that Haselton's right to travel claim is barred by collateral estoppel.  In order for collateral estoppel to apply, the case must meet a four-part test: "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." See Boguslavsky v. Kaplan, 159 F.3d 715, 719-20 (2d Cir. 1998) (citations and internal quotations omitted).

This case arguably meets these requirements. Haselton raised the issue of his right to travel in the prior proceeding.  His briefs focused on the question of

12

a fundamental right to travel, and his attachments allegedly provided legal support for his claims.  The issue was fully litigated to the extent that Haselton was allowed to respond to the defendants' motion to dismiss, and while a lack of substantive merit was not the only ground for dismissal, it was clearly one of the grounds upon which the Court based its decision.

Regardless of whether collateral estoppel applies in this case, and in the event that there is any doubt as to the preclusive effect of the Court's prior ruling, it should now be clear that Haselton's claims are without merit and should not be raised again in this Court.  If these same issues with respect to Haselton's right to travel are raised in the future, they will not only be subject to issue preclusion, but may also compel the Court to enjoin further filings.  See Safir v. United States Lines, Inc., 792 F.2d 19, 23 (2d Cir. 1986).[3]

## Conclusion

For the reasons set forth above, I recommend that the State's motion to dismiss (Paper 11) and the Town's

---

[3] Haselton has raised his right to travel argument in each of the following cases: Haselton v. State of Vermont, et al., Docket No. 1:02-CV-53; Haselton v. Amestoy, et al., Docket No. 1:03-CV-223; Haselton v. State of Vermont, Docket No. 1:06-CV-9; and again in this case.

motion for summary judgment (Paper 16) be GRANTED, and

that this case be DISMISSED.  All remaining motions

(Papers 9, 12, 15 and 24) are DENIED as moot.

Dated at Burlington, in the District of Vermont,

this 26th day of October, 2006.

<u>/s/ Jerome J. Niedermeier</u>
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation
within 10 days after service by filing with the clerk of
the court and serving on the magistrate judge and all
parties, written objections which shall specifically
identify the portions of the proposed findings,
recommendations or report to which objection is made and
the basis for such objections.  Failure to file
objections within the specified time waives the right to
appeal the District Court's order.  See Local Rules 72.1,
72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b),
6(a) and 6(e).